IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANJANETTE COMER, JACQUELINE COMER, JERLINE COMER, AND JIM EDWARD COMER, § § § § *Plaintiffs*, § § v. § § STATE FARM LLOYDS, § § *Defendant*. § | CIVIL ACTION NO. 4:22-cv-00528-P (JURY) |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs Anjanette Comer, Jacqueline Comer, Jerline Comer, and Jim Edward Comer, ("Plaintiffs"), and files ***Plaintiffs' First Amended Complaint***, complaining of State Farm Lloyds ("State Farm") (or "Defendant") and for cause of action,, Plaintiffs respectfully shows the following:

### PARTIES

1. Plaintiffs, Anjanette Comer, Jacqueline Comer, Jerline Comer, and Jim Edward Comer, reside in Tarrant County, Texas.

2. Defendant, State Farm Lloyds is a Texas insurance company engaged in the business of insurance in the State of Texas. State Farm Lloyds is properly before this Court.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over State Farm because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of State Farm's business activities in the state, including those in Tarrant County, Texas, with reference to this specific case.

4. Subject matter jurisdiction is founded upon 28 U.S.C. § 1332 which gives district courts diversity jurisdiction over civil actions arising under state law, between citizens of different States, and alleging damages of more than $75,000.00 exclusive of interest and costs.

5. The events giving rise to this lawsuit occurred in Tarrant County, Texas, which sits in the Fort Worth Division of the Northern District of Texas.

6. Venue is proper in the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

## NOTICE AND CONDITIONS PRECEDENT

7. Plaintiffs have provided Texas statutory notice of the claim to Defendant in this Complaint and said notice was provided to Defendant more than sixty days prior to this Complaint being filed.

8. All conditions precedent necessary to maintain a claim under the insurance policy in question has been performed, occurred, or have been waived by Defendant.

## FACTS

9. Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

10. Plaintiffs own a State Farm Lloyds insurance policy, number 58C4D7099 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 6829 Danieldale Drive, Fort Worth, Texas 76137 ("the Property").

11. State Farm Lloyds or its agent sold the Policy, insuring the Property, to Plaintiffs. State Farm Lloyds represented to Plaintiffs that the Policy included hail and windstorm On or about June 23, 2020, the Property sustained extensive damage resulting from a severe storm that passed through the Tarrant County, Texas area.

12. In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to State Farm against the Policy for damage to the Property. State Farm assigned claim number 43-09G6-91K to Plaintiffs' claim.

13. Plaintiffs asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

14. State Farm hired or assigned its agent, McPherson, to inspect and adjust the claim. McPherson conducted an inspection on or about August 2, 2020, according to the information contained in his estimate. After application of depreciation and $6,512.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

15. State Farm, through its agent, McPherson, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16. State Farm and McPherson have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. The third-party inspector hired to review the damage to the Property found damage that was completely

absent from McPherson's estimate. The storm compromised the integrity of the roof allowing water to travel into and cause damage to the interior of the Property.

17. The damage to Plaintiffs' Property is currently estimated at $36,597.15.

18. McPherson had a vested interest in undervaluing the claims assigned to him by State Farm in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of McPherson.

19. Furthermore, McPherson was aware of Plaintiffs' deductible prior to inspecting the Property.  McPherson had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

20. McPherson misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. McPherson made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

21. After reviewing Plaintiffs' Policy, McPherson misrepresented that the damage was caused by non-covered perils. McPherson used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

22. As stated above, State Farm and McPherson improperly and unreasonably adjusted Plaintiffs' claim.  Without limitation, State Farm and McPherson misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

23. State Farm and McPherson made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  State

Farm and McPherson made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by McPherson.

24. Plaintiffs relied on State Farm and McPherson's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

25. Upon receipt of the inspection and estimate reports from McPherson, State Farm failed to assess the claim thoroughly. Based upon McPherson's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, State Farm failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

26. Because State Farm and McPherson failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

27. Furthermore, State Farm and McPherson failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, McPherson performed an unreasonable and substandard inspection that allowed State Farm to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

28. State Farm's and McPherson's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the

Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

29. State Farm's and McPherson's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). State Farm and McPherson have failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, State Farm and McPherson have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

30. State Farm's and McPherson's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). State Farm and McPherson failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

31. Additionally, after State Farm received statutory demand on or about March 30, 2022, State Farm has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

32. State Farm's and McPherson's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). McPherson performed a biased and intentionally substandard inspection designed to allow State Farm to refuse to provide full coverage to Plaintiffs under the Policy.

33. Specifically, State Farm and McPherson performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

34. State Farm's and McPherson's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to McPherson subpar inspection, State Farm failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

35. State Farm's and McPherson's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to McPherson's intentional undervaluation of Plaintiffs' claims, State Farm failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, McPherson's understatement of the damage to the Property caused State Farm to delay full payment of Plaintiffs' claim longer than allowed, and Plaintiffs has not received rightful payment for Plaintiffs' claim.

36. State Farm's and McPherson's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

**CAUSES OF ACTION AGAINST DEFENDANT STATE FARM LLOYDS**

37. All paragraphs from the fact section of this petition are hereby incorporated into this section.

**BREACH OF CONTRACT**

38. State Farm is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiffs.

39. State Farm's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41. State Farm's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

42. State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

43. State Farm's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition

and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

44. State Farm's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

46. State Farm's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

48. State Farm's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though State Farm knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

49. State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code 17.41–63. Plaintiffs are consumers of

goods and services provided by State Farm pursuant to the DTPA. Plaintiffs has met all conditions precedent to bring this cause of action against State Farm. Specifically, State Farm's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, State Farm has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. State Farm's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. State Farm represented to Plaintiffs that the Policy and State Farm's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. State Farm represented to Plaintiffs that State Farm's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. State Farm advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. State Farm breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

    F.    State Farm's actions are unconscionable in that State Farm took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

    G.    State Farm's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiffs' damages. All of State Farm's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

51. Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

52. Defendant is waived and estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

53. Since the claim was made, Allstate has not properly compensated Plaintiffs as Allstate has previously agreed to in the settlement agreement. This has caused undue hardship

and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

54. Defendant made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiffs suffered damages as a result.

55. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

56. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

57. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times Plaintiffs' actual damages. TEX. INS. CODE §541.152 and Tex. Bus. & Com. Code 17.50(b)(1).

58. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus the per annum interest penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

59. For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate owed, and exemplary damages.

60. Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

61. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

1. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in the Fort Worth Division of the Northern District of Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs prays that Defendant, State Farm Lloyds, be cited and served to appear, and that upon trial hereof, Anjanette Comer, Jacqueline Comer, Jerline Comer, and Jim Edward Comer, recovers from Defendant, State Farm Lloyds such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for prejudgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, may show they are justly entitled.

Respectfully submitted,

By: /s/ *Joseph Milensky*

Chad T. Wilson
Bar No. 24079587
Joseph Milensky
Bar No. 24118231
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
**cwilson@cwilsonlaw.com**
**jmilensky@cwilsonlaw.com**
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of *Plaintiffs' First Amended Complaint* has been forwarded to counsel of record via Certified U.S. Mail, facsimile, hand delivery, email, or electronic service on this day, June 30, 2022.

/s/ *Joseph Milensky*